IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01884-REB-BNB

JAMES B. BOUCHARD,

Plaintiff,

v.

DENVER POLICE OFFICER M. WHETSTONE,
DENVER POLICE OFFICER K. JIMENEZ, and
CITY OF DENVER,

Defendants.
_____

# ORDER
_____

This matter arises on the following discovery motions:

(1) Defendants' **Motion to Compel Discovery Responses** [Doc. # 48, filed 3/23/2010] ("Defendants' Motion to Compel"); and

(2) Plaintiff's **Motion to Compel** [Doc. # 52, filed 3/26/2010] ("Plaintiff's Motion to Compel").

### A. Defendants' Motion to Compel

The Defendants' Motion to Compel was filed on March 23, 2010. I ordered the plaintiff to respond by April 2, 2010, but none was received.

The defendants seek an order compelling two things. First, the defendants seek to require the plaintiff to execute a military records request form. In addition, the defendants seek to require the plaintiff to produce "all Employee Benefits information from his current employer. . . ."

**Request to Execute Release:**

In Morris v. City of Colorado Springs, 2009 WL 4927618 *2 (D. Colo. 2009), the court correctly noted:

> A review of cases addressing whether a court may order production of executed medical releases reveals a split of authority. The first view looks to the plain language of Rule 34 to conclude that records not in the party's possession may not be compelled and that Rule 34 does not permit the Court to order the party's signature on a medical release form. The second view generally permits an order compelling a signature on a release form when the party has placed his or her medical condition at issue in the case. However, even courts that compel authorizations from the plaintiff typically require the defendant first to seek the documents directly from the third party who has custody of the documents. . . .
>
> [T]he release of medical records should not be routinely compelled, even when it may be the most efficient manner for such discovery.

(Internal citations omitted.)

Nor is there anything unique about releases of medical records. Rule 34, Fed. R. Civ. P., does not expressly authorize a court to order a party to sign a release concerning any kind of record. See, e.g., White v. Kansas City Peterbilt, 2010 WL 996427 *1 (D. Kan. March 17, 2010)(refusing to require execution of release of employment records); P.S. v. The Farm, Inc., 2008 WL 185801 *1 (D. Kan. Jan. 18, 2008)(same, applied to medical, educational, law enforcement, and state child services agency records); Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. 513, 515 (D. Kan 2007)(same, applied to product design records); EEOC v. Thorman & Wright Corp., 243 F.R.D. 426, 428 (D. Kan. 2007)(same, applied to past employment records); Becker v. Securitas Security Services USA, Inc., 2007 WL 677711 (D. Kan. March 2, 2007)(same, applied to medical, employment, and educational records).

The leading case on the issue is <u>EEOC v. Thorman & Wright</u>, 243 F.R.D. at 428-29, where the Kansas district court explained:

> Defendant requests Plaintiff Sonntag sign an authorization for release of information and records with regard to her past employment with Simplex Grinnell. Defendant asserts it requested Plaintiff Sonntag execute the referenced authorization in conjunction with its written discovery requests in order to obtain relevant documents from a third party. The Court, however, finds no basis within Fed. R. Civ. P. 34 to compel a party signature.
>
> The purpose of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party available to the other. . . . Here, it appears the employment records are documents or tangible items as defined by Rule 34(a). It also appears that . . . Plaintiffs do not have actual possession or custody of the employment records at issue.
>
> \* \* \*
>
> Apparently, Defendant has not yet attempted to secure copies of the requested documents from the non-party custodian of the records via subpoena. The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

(Internal quotations and notes omitted.)

Where, as here, the defendants have not attempted to obtain by subpoena the documents from the third party custodian, I will not compel the plaintiff to sign a release form.

**Documents relating to employee benefits information:**

I find that the employee benefits information requested from the plaintiff is relevant to matters at issue in this case and is discoverable. I will order the plaintiff to product all documents in his possession, custody, or control responsive to the request.

## 2. Plaintiff's Motion to Compel

Initially, the plaintiff argues that the defendants' objections are waived because they did not make objections timely. I disagree. The defendants initially objected to all of the plaintiff's discovery as exceeding the numerical limits imposed by the scheduling order. See Defendants' Combine Responses [Doc. # 52-1]. Following a conference pursuant to D.C.COLO.LCivR 7.1A, the defendants' submitted their Amended Responses [Doc. #52.2] which contain their objections. I find that the objections are timely.

**Interrogatory No. 1:**

The plaintiff seeks to compel an answer to Interrogatory No. 1, which requests:

> How many lawsuits claiming excessive force have been filed against the City and County of Denver or any police officer employed by the City and County of Denver in the Past 10 years. For each lawsuit state, a. the caption of the case; b. the court in which the case was filed; c. date of filing; d. names of all Plaintiff9s) and Defendant(s); e. whether the case is open, pending and/or resolved; f. what the outcome of the case was; and, g. for any case not resolved state whether there is a hearing or trial date scheduled and what the date is.

Plaintiff's Motion to Compel [Doc. # 52] at p. 4.

The defendants objected, asserting that the interrogatory is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because the information "is available in public documents by a search of case filings in either state or federal court which would be equally available to Plaintiff." Id. at p. 5.

The defendants failed to provide specific evidence of the burden imposed in answering the interrogatory, which they should have done. I will not leave my common sense at the courthouse door in ruling on this motion, however. It is patently obvious that responding to this

4

interrogatory would impose an enormous burden on the Denver Police Department and unreasonably distract it from its crucial function of law enforcement. Nor does the information requested appear to be particularly probative of the issue of whether the City of Denver had a policy or custom of deliberate indifference to Constitutional rights or that it inadequately and improperly investigated citizen complaints of police misconduct. See Plaintiff's Motion to Compel at p. 6.

Rule 26(b)(2)(C), Fed. R. Civ. P., requires a court to consider proportionality when confronting discovery issues:

> **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> \* \* \*
> **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the action, and the importance of the discovery in resolving the issues.

On balance, I find that the burden of providing the requested information far outweighs is probative value. Plaintiff's Motion to Compel is denied with respect to Interrogatory No. 1.

**Interrogatories No. 7 and 8:**

Plaintiff's Interrogatories No. 7 and 8 are related and seek information concerning any investigation by the City of Denver "[a]fter receipt of the 24-10-109 Notice under Governmental Immunity letter" dated December 8, 2008. Defendants' Supplemental Responses [Doc. # 52-3] at p. 6-7. The defendants objected to the interrogatories "to the extent that the information requested would be subject to attorney-client privilege or work-product privilege," id., but then responded:

5

> Without waiving the objection, Defendant City and County of
> Denver states that Sgt. Wyckoff conducted a use of force
> investigation at the scene of the incident on the date of the
> incident, which was prior to the correspondence dated December 8,
> 2008. Defendant City and County of Denver is not aware of any
> other non-privileged investigation that was conducted. A copy of
> Sgt. Wyckoff's report was previously provided as bates numbered
> documents Bouchard 0001 and 0002.

<u>Id</u>.

The supplemental response fully answers the interrogatories. Plaintiff's Motion to Compel is denied with respect to Interrogatories No. 7 and 8.

**Plaintiff's Remaining Issues:**

Finally, the plaintiff seeks an order compelling further answers to 27 additional interrogatories. The motion is patently inadequate, however. The plaintiff's argument with respect to the remaining 27 interrogatories states, in its totality:

> The following additional interrogatories have not been answered,
> objections have not been made timely, and orders compelling are
> requested. . . .

Plaintiff's Motion to Compel [Doc. # 53] at p. 8.

Contrary to the plaintiff's assertion, the defendants have responded to each of the remaining 27 interrogatories. <u>See</u> Defendants' Supplemental Responses [Doc. # 52-3].

### 3. Attorneys Fees and Costs

Rule 37(a)(5)(B), Fed. R. Civ. P., provides:

> **(5)** *Payment of Expenses: Protective Orders*
>
> **(B)** *If the Motion Is Denied.* If the motion [to compel] is denied, the
> court . . . must, after giving an opportunity to be heard, require the
> movant, the attorney filing the motion, or both to pay the party . . .
> who opposed the motion its reasonable expenses incurred in opposing
> the motion, including attorney's fees. But the court must not order

this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

The Defendants' Motion to Compel was granted in part and denied in part. On the issue where the defendants' motion was denied, there is a split of authority concerning whether and when to require execution of releases. Importantly, the plaintiff had agreed to sign a release, and the defendants were attempting to enforce that agreement. Finally, the plaintiff did not respond to the Defendants' Motion to Compel. Under these facts, it would be unjust to award the plaintiff his costs and attorney fees (if any) in resisting the Defendants' Motion to Compel.

By contrast, the Plaintiff's Motion to Compel was denied in its entirety because it was meritless. Consequently, I will entertain the defendants' motion for award of costs and attorney fees, pursuant to Rule 37(a)(5)(B), incurred in opposing the Plaintiff's Motion to Compel. Such a motion must be filed, if at all, on or before **April 23, 2010**.

IT IS ORDERED that the Defendants' Motion to Compel [Doc. # 48] is GRANTED IN PART and DENIED IN PART as follows:

GRANTED to require the plaintiff to produce, on or before **April 23, 2010**, all documents in his possession, custody, or control concerning "Employee benefits information from his current employer, Stancorp Registered Investment Advisors, including, but not limited to, enrollment documents for health care, vision care and dental care coverage; handbooks detailing health, vision and dental coverage; waiting period for pre-existing conditions, and employee handbook"; and

DENIED in all other respects.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Compel [Doc. # 52] is DENIED.

IT IS FURTHER ORDERED that the defendants shall file, on or before **April 23, 2010**, a motion for an award of costs and attorney fees, pursuant to Rule 37(a)(5)(B), incurred in opposing the Plaintiff's Motion to Compel.

Dated April 9, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01884-REB-BNB

JAMES B. BOUCHARD,

Plaintiff,

v.

DENVER POLICE OFFICER M. WHETSTONE,
DENVER POLICE OFFICER K. JIMENEZ, and
CITY OF DENVER,

Defendants.

_____

**ORDER**
_____

This matter arises on the following discovery motions:

(1) Defendants' **Motion to Compel Discovery Responses** [Doc. # 48, filed 3/23/2010] ("Defendants' Motion to Compel"); and

(2) Plaintiff's **Motion to Compel** [Doc. # 52, filed 3/26/2010] ("Plaintiff's Motion to Compel").

**A. Defendants' Motion to Compel**

The Defendants' Motion to Compel was filed on March 23, 2010. I ordered the plaintiff to respond by April 2, 2010, but none was received.

The defendants seek an order compelling two things. First, the defendants seek to require the plaintiff to execute a military records request form. In addition, the defendants seek to require the plaintiff to produce "all Employee Benefits information from his current employer. . . ."

**Request to Execute Release:**

In Morris v. City of Colorado Springs, 2009 WL 4927618 *2 (D. Colo. 2009), the court correctly noted:

> A review of cases addressing whether a court may order production of executed medical releases reveals a split of authority. The first view looks to the plain language of Rule 34 to conclude that records not in the party's possession may not be compelled and that Rule 34 does not permit the Court to order the party's signature on a medical release form. The second view generally permits an order compelling a signature on a release form when the party has placed his or her medical condition at issue in the case. However, even courts that compel authorizations from the plaintiff typically require the defendant first to seek the documents directly from the third party who has custody of the documents. . . .
>
> [T]he release of medical records should not be routinely compelled, even when it may be the most efficient manner for such discovery.

(Internal citations omitted.)

Nor is there anything unique about releases of medical records. Rule 34, Fed. R. Civ. P., does not expressly authorize a court to order a party to sign a release concerning any kind of record. See, e.g., White v. Kansas City Peterbilt, 2010 WL 996427 *1 (D. Kan. March 17, 2010)(refusing to require execution of release of employment records); P.S. v. The Farm, Inc., 2008 WL 185801 *1 (D. Kan. Jan. 18, 2008)(same, applied to medical, educational, law enforcement, and state child services agency records); Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. 513, 515 (D. Kan 2007)(same, applied to product design records); EEOC v. Thorman & Wright Corp., 243 F.R.D. 426, 428 (D. Kan. 2007)(same, applied to past employment records); Becker v. Securitas Security Services USA, Inc., 2007 WL 677711 (D. Kan. March 2, 2007)(same, applied to medical, employment, and educational records).

The leading case on the issue is EEOC v. Thorman & Wright, 243 F.R.D. at 428-29, where the Kansas district court explained:

> Defendant requests Plaintiff Sonntag sign an authorization for release of information and records with regard to her past employment with Simplex Grinnell. Defendant asserts it requested Plaintiff Sonntag execute the referenced authorization in conjunction with its written discovery requests in order to obtain relevant documents from a third party. The Court, however, finds no basis within Fed. R. Civ. P. 34 to compel a party signature.
>
> The purpose of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party available to the other. . . . Here, it appears the employment records are documents or tangible items as defined by Rule 34(a). It also appears that . . . Plaintiffs do not have actual possession or custody of the employment records at issue.
>
> \* \* \*
>
> Apparently, Defendant has not yet attempted to secure copies of the requested documents from the non-party custodian of the records via subpoena. The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

(Internal quotations and notes omitted.)

Where, as here, the defendants have not attempted to obtain by subpoena the documents from the third party custodian, I will not compel the plaintiff to sign a release form.

**Documents relating to employee benefits information:**

I find that the employee benefits information requested from the plaintiff is relevant to matters at issue in this case and is discoverable. I will order the plaintiff to product all documents in his possession, custody, or control responsive to the request.

## 2. Plaintiff's Motion to Compel

Initially, the plaintiff argues that the defendants' objections are waived because they did not make objections timely. I disagree. The defendants initially objected to all of the plaintiff's discovery as exceeding the numerical limits imposed by the scheduling order. See Defendants' Combine Responses [Doc. # 52-1]. Following a conference pursuant to D.C.COLO.LCivR 7.1A, the defendants' submitted their Amended Responses [Doc. #52.2] which contain their objections. I find that the objections are timely.

**Interrogatory No. 1:**

The plaintiff seeks to compel an answer to Interrogatory No. 1, which requests:

> How many lawsuits claiming excessive force have been filed against the City and County of Denver or any police officer employed by the City and County of Denver in the Past 10 years. For each lawsuit state, a. the caption of the case; b. the court in which the case was filed; c. date of filing; d. names of all Plaintiff9s) and Defendant(s); e. whether the case is open, pending and/or resolved; f. what the outcome of the case was; and, g. for any case not resolved state whether there is a hearing or trial date scheduled and what the date is.

Plaintiff's Motion to Compel [Doc. # 52] at p. 4.

The defendants objected, asserting that the interrogatory is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because the information "is available in public documents by a search of case filings in either state or federal court which would be equally available to Plaintiff." Id. at p. 5.

The defendants failed to provide specific evidence of the burden imposed in answering the interrogatory, which they should have done. I will not leave my common sense at the courthouse door in ruling on this motion, however. It is patently obvious that responding to this

4

interrogatory would impose an enormous burden on the Denver Police Department and unreasonably distract it from its crucial function of law enforcement. Nor does the information requested appear to be particularly probative of the issue of whether the City of Denver had a policy or custom of deliberate indifference to Constitutional rights or that it inadequately and improperly investigated citizen complaints of police misconduct. See Plaintiff's Motion to Compel at p. 6.

Rule 26(b)(2)(C), Fed. R. Civ. P., requires a court to consider proportionality when confronting discovery issues:

> **(C)** *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> \* \* \*
> **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the action, and the importance of the discovery in resolving the issues.

On balance, I find that the burden of providing the requested information far outweighs is probative value. Plaintiff's Motion to Compel is denied with respect to Interrogatory No. 1.

**Interrogatories No. 7 and 8:**

Plaintiff's Interrogatories No. 7 and 8 are related and seek information concerning any investigation by the City of Denver "[a]fter receipt of the 24-10-109 Notice under Governmental Immunity letter" dated December 8, 2008. Defendants' Supplemental Responses [Doc. # 52-3] at p. 6-7. The defendants objected to the interrogatories "to the extent that the information requested would be subject to attorney-client privilege or work-product privilege," id., but then responded:

5

> Without waiving the objection, Defendant City and County of
> Denver states that Sgt. Wyckoff conducted a use of force
> investigation at the scene of the incident on the date of the
> incident, which was prior to the correspondence dated December 8,
> 2008. Defendant City and County of Denver is not aware of any
> other non-privileged investigation that was conducted. A copy of
> Sgt. Wyckoff's report was previously provided as bates numbered
> documents Bouchard 0001 and 0002.

<u>Id</u>.

The supplemental response fully answers the interrogatories. Plaintiff's Motion to Compel is denied with respect to Interrogatories No. 7 and 8.

**Plaintiff's Remaining Issues:**

Finally, the plaintiff seeks an order compelling further answers to 27 additional interrogatories. The motion is patently inadequate, however. The plaintiff's argument with respect to the remaining 27 interrogatories states, in its totality:

> The following additional interrogatories have not been answered,
> objections have not been made timely, and orders compelling are
> requested. . . .

Plaintiff's Motion to Compel [Doc. # 53] at p. 8.

Contrary to the plaintiff's assertion, the defendants have responded to each of the remaining 27 interrogatories. <u>See</u> Defendants' Supplemental Responses [Doc. # 52-3].

### 3. Attorneys Fees and Costs

Rule 37(a)(5)(B), Fed. R. Civ. P., provides:

> **(5)** *Payment of Expenses: Protective Orders*
>
> **(B)** *If the Motion Is Denied*. If the motion [to compel] is denied, the
> court . . . must, after giving an opportunity to be heard, require the
> movant, the attorney filing the motion, or both to pay the party . . .
> who opposed the motion its reasonable expenses incurred in opposing
> the motion, including attorney's fees. But the court must not order

> this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

The Defendants' Motion to Compel was granted in part and denied in part. On the issue where the defendants' motion was denied, there is a split of authority concerning whether and when to require execution of releases. Importantly, the plaintiff had agreed to sign a release, and the defendants were attempting to enforce that agreement. Finally, the plaintiff did not respond to the Defendants' Motion to Compel. Under these facts, it would be unjust to award the plaintiff his costs and attorney fees (if any) in resisting the Defendants' Motion to Compel.

By contrast, the Plaintiff's Motion to Compel was denied in its entirety because it was meritless. Consequently, I will entertain the defendants' motion for award of costs and attorney fees, pursuant to Rule 37(a)(5)(B), incurred in opposing the Plaintiff's Motion to Compel. Such a motion must be filed, if at all, on or before **April 23, 2010**.

IT IS ORDERED that the Defendants' Motion to Compel [Doc. # 48] is GRANTED IN PART and DENIED IN PART as follows:

GRANTED to require the plaintiff to produce, on or before **April 23, 2010**, all documents in his possession, custody, or control concerning "Employee benefits information from his current employer, Stancorp Registered Investment Advisors, including, but not limited to, enrollment documents for health care, vision care and dental care coverage; handbooks detailing health, vision and dental coverage; waiting period for pre-existing conditions, and employee handbook"; and

DENIED in all other respects.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Compel [Doc. # 52] is DENIED.

IT IS FURTHER ORDERED that the defendants shall file, on or before **April 23, 2010**, a motion for an award of costs and attorney fees, pursuant to Rule 37(a)(5)(B), incurred in opposing the Plaintiff's Motion to Compel.

Dated April 9, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge