IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01884-REB-BNB

JAMES B. BOUCHARD,

Plaintiff,

v.

DENVER POLICE OFFICER M. WHETSTONE,
DENVER POLICE OFFICER K. JIMENEZ, and
CITY OF DENVER,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Reopen Discovery** [Doc. # 100, filed 9/21/2010] (the "Motion"). The defendants oppose the Motion. The Motion, which I will construe as a motion to supplement the report of Dr. Lawrence B. Goldman, plaintiff's expert witness, is GRANTED.

The plaintiff commenced this action on August 7, 2009, by filing a Complaint [Doc. # 1]. He alleges that he suffered physical injuries, including an injury to his rotator cuff, as a result of the following actions by the defendants:

> 8. On or about August 8, 2008, at approximately 4:20 p.m. Officers Whetstone and Jimenez responded to a civil assist request lodged by Jana Smith at Plaintiff's residence located at 1300 South Race Street, Denver, Colorado. Plaintiff is the sole owner of this real estate. Ms. Smith was allegedly seeking some of her personal property from Plaintiff's home after abruptly ending a personal relationship with Plaintiff that involved frequent overnight stays at Plaintiff's home during the previous one month. Officers Whetstone and Jimenez or each or one of them told Plaintiff that Ms. Smith had a right to enter Plaintiff's home and retrieve her

> personal property which was a false statement that both Officers knew or should have known to be false.
>
> 9. Plaintiff, in response to the Officers' false statement, refused entry to the Officers and Ms. Smith and attempted to close the door of his home to prevent the unlawful entry. The Officers, without a warrant, writ, or mandatory injunction, forced their way inside Plaintiff's home, an illegal act committed in violation of Plaintiff's Constitutional rights. Office Whetstone used his "night stick" to restrain Plaintiff and while inside Plaintiff's home placed him in handcuffs after slamming him against the wall. As result of Officer Whetstone's excessive force, Plaintiff's rotator cuff and labrum was torn causing him great pain and immobility. Plaintiff also suffered bruises, contusions, and other injuries to his upper torso, face, and head.

Complaint [Doc. # 1] at ¶¶8-9 (verbatim quotation).

A scheduling conference was held on October 29, 2009, and a Scheduling Order [Doc. # 17] was entered. Deadlines established in the Scheduling Order were modified on several occasions. See Order [Doc. # 20, filed 11/17/2009](extending on the plaintiff's request the expert disclosure dates); and Order [Doc. # 47, filed 3/22/2010](permitting plaintiff's tardy expert witness endorsement and extending the discovery cut-off to allow the deposition of the tardy witness). Discovery closed on April 1, 2010. A final pretrial order was entered on July 13, 2010. Final Pretrial Order [Doc. # 87]. The case was scheduled for trial beginning on August 30, 2010, but the district judge vacated the trial *sua sponte* "due to the court's calendar. . . ." Courtroom Minutes [Doc. # 99, filed 8/13/2010] at p. 1.

The current Motion reflects confusion as to the relief requested. Initially, the Motion asks "to reopen discovery as to [the plaintiff's] medical status." Motion [Doc. # 100] at p. 1. Elsewhere, however, the Motion states:

> Plaintiff seeks an order allowing further Expert Medical Evaluation by Dr. Goldman to determine the extent of any

2

> disability suffered by Plaintiff's injured rotator cuff and the cost
> and benefit of rehabilitation including work related testing.
> Plaintiff also seeks an order allowing the resulting medical
> determination disclosed via supplement expert report under Fed. R.
> Civ. P. 26(2)(B), (2)(D), and that testimony by Dr. Goldman at the
> time of trial which has currently not been set be allowed by Rule.

Id. at ¶4 (verbatim quotation). Dr. Lawrence B. Goldman, M.D., is listed in the Final Pretrial Order as an expert witness who will testify at trial "regarding Plaintiff's physical injuries." Final Pretrial Order [Doc. # 87] at p. 14. Based on these facts, I construe the Motion as a request for leave to supplement the expert report of Dr. Goldman.

The plaintiff claims that he "learned for the first time" in approximately June 2010 "that [rotator cuff] surgery was not recommended based upon the results of a pre-surgical M.R.I." Motion [Doc. # 100] at ¶3. He asserts that he could not obtain an MRI earlier because he "changed employers subsequent to the Fall, 2008 incident, he is a single parent responsible for a diabetic child and could not financially or otherwise schedule surgery prior to June, 2010, because of pre-existing condition limitation in his new health insurance." Id. at p. 3 n. 1 (verbatim quotation).

There is evidence that the plaintiff knew or should have known as early as March 2010 of the need for an updated MRI, but he failed to obtain one for approximately three months, until June 2010. See Deposition of Wayne Gersoff, M.D. [Doc. # 62-1] ("Gersoff Depo.") at p. 23 line 21 through p. 24 line 23. Even if the plaintiff had acted immediately to obtain an updated MRI in March or April 2010, however, that information would not have been available for use by the plaintiff's experts, whose reports were due on February 1, 2010.

My determination of the Motion is controlled by Rule 37(c)(1), Fed. R. Civ. P., which provides:

3

> **Failure to Disclose or Supplement.** If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion or at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Tenth Circuit Court of Appeals has identified the following four factors to be considered in determining whether a failure to disclose is justified or harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Application of the Woodworker's criteria to the facts of this case compels the conclusion that the Motion must be granted:

(1) The defendants claim prejudice if the Motion is granted "because of costs of additional and renewed depositions of Plaintiff's experts and any rebuttal experts for Defendants." Response [Doc. # 103, filed 9/28/2010] at ¶7. Added costs, alone, normally do not constitute prejudice sufficient to preclude the use of late disclosed testimony;

(2) There is sufficient time to allow additional discovery, if necessary, to cure any surprise or prejudice to the defendants which may result from any additional opinions formed by Dr. Goldman based on his subsequent evaluation;

(3) Allowing further evaluation and the possible formation of additional opinions will not disrupt the trial, which has not been set; and

(4) Although in the exercise of diligence the MRI could have been obtained earlier, the plaintiff has explained the delay based on his economic condition and lack of insurance coverage. The plaintiff has not acted in bad faith or willfully.

IT IS ORDERED that the Motion [Doc. # 100] is GRANTED. The plaintiff shall supplement the expert report of Dr. Lawrence B. Goldman, if at all, on or before **November 19, 2010**.

Dated October 8, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge