**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01884-REB-BNB

JAMES B. BOUCHARD,

    Plaintiff,

v.

DENVER POLICE OFFICER M. WHETSTONE,
DENVER POLICE OFFICER K. JIMENEZ, and
CITY OF DENVER,

    Defendants.

**ORDER CONCERNING DEFENDANTS' MOTION
TO EXCLUDE TESTIMONY UNDER FED. R. EVID. 702**

**Blackburn, J.**

This matter is before me on the **Defendants' Fed. R. Evid. 702 Motion To Exclude Testimony of Certain of Plaintiff's Proffered Experts** [#62][1] filed April 19, 2010. The plaintiff filed a response [#71], and the defendant filed a reply [#75]. I grant the motion in part and deny it in part.

## I. BACKGROUND

This case concerns the claims of the plaintiff that the defendant police officers entered the plaintiff's house, arrested the plaintiff unlawfully, and injured the plaintiff by using excessive force. The plaintiff alleges that these actions by the defendant police officers violated the plaintiff's rights under the Fourth Amendment. Additionally, the

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

plaintiff asserts state law tort claims for assault and battery, false arrest, and illegal imprisonment. The plaintiff alleges that his shoulder was injured by the defendant police officers and now contends that his shoulder will require surgical repair.

In their motion, the defendants challenge the admissibility of certain opinion testimony from two expert witnesses proffered by the plaintiff. First, the defendants challenge the opinion testimony of Lawrence Barton Goldman, M.D. Second, the defendants challenge two opinions expressed by Roger Willard.

## II. STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

**FED.R.EVID.** 702. The standards outlined in Rule 702 implicate, of course, the standards for admission of opinion testimony stated in the so-called *Daubert* trilogy. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable." *Smith v. Ingersoll-Rand Co.*, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted). The Supreme Court has described the

court's role in weighing expert opinions against these standards as that of a "gatekeeper." *See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Under *Daubert* and its progeny, an expert opinion is reliable if it is based on scientific knowledge. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id*. at 592 - 593; *see also Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case. *Daubert*, 509 U.S. at 591-592; *In re Breast Implant Litigation*, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998). "'[T]he standard for fit is higher than bare relevance.'" *In re Breast Implant Litigation*, 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), *cert. denied*, 115 S.Ct. 1253 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. *Id.*

Guided by these principles, a trial court has broad discretion in determining

whether expert testimony is sufficiently reliable and relevant to be admissible.  ***Truck Insurance Exchange***, 360 F.3d at 1210; ***Smith v. Ingersoll-Rand Co.***, 214 F.3d 1235, 1243 (10th Cir. 2000).  The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." ***Goebel***, 346 F.3d at 992 (quoting ***Kumho Tire Company***, 526 U.S. at 152).  Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case.  The reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. ***Heller v. Shaw Indus.***, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. ***See, e.g., Kumho Tire***, 526 U.S. at 149-52; ***Heller***, 167 F.3d at 155.

Generally, "rejection of expert testimony is the exception rather than the rule." ***U.S. v. Nacchio***, 519 F.3d 1140, 1154 (10th Cir. 2008) (quoting Fed. R. Evid. 702 , 2000 Advisory Comm.'s Notes).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." ***Daubert***, 509 U.S. 579 at 596.

### III.  LAWRENCE GOLDMAN, M.D.

Shortly after the incident on which the plaintiff's complaint is based, which occurred in August of 2008, the plaintiff sought treatment from Dr. Wayne Gersoff, an orthopedic surgeon.  Dr. Gersoff diagnosed a rotator cuff tear and recommended to the

plaintiff that he have surgery to repair his rotator cuff, ideally within two to three seeks of his visit with Dr. Gersoff.  The plaintiff alleges that the defendant police officers caused the rotator cuff tear.  At the time of  Dr. Gersoff's deposition, which was taken in March of 2010, the plaintiff had not undergone a surgical repair of his rotator cuff tear.  Dr. Gersoff testified in his deposition that, given the passage of time, he could not determine whether or not it was advisable for the plaintiff to have a surgical repair of his rotator cuff without a further assessment of the plaintiff.  Dr. Gersoff testified that it is possible that, given the passage of time, he would not recommend a surgical repair.

The plaintiff retained Lawrence Goldman, M.D., to testify as a specialist in physical medicine and rehabilitation, with sub-specialties in musculoskeletal medicine, disability evaluation, and rehabilitation.  The transcript of Dr. Goldman's deposition indicates that Dr. Goldman opined that it is "more than 50 percent likely" that the plaintiff's medical costs for surgical repair of his rotator cuff would be "in the realm of approximately $50,000."  *Motion to exclude* [#62], Exhibit B (Goldman depo.), 57:13 - 57:23.  Asked if he thought there was a range of costs that might apply, Dr. Goldman testified that the best case scenario could go as low as 25,000 dollars and the worst cases he has seen go up to 150,000 dollars. *Motion to exclude* [#62], Exhibit B (Goldman depo.), 57:19 - 58:18.  Dr. Goldman testified further that where the plaintiff would fit within this range of costs would depend on "circumstances that to some extent would be dictated by what the surgeon would decide as the appropriate surgery and where it should take place and what he or she would discover once they started surgery."  *Motion to exclude* [#62], Exhibit B (Goldman depo.), 57:8 - 58:18.

The defendants object to Dr. Goldman's testimony to the extent that, in the plaintiff's case, Dr. Goldman would anticipate that the cost of overall medical care

including surgery and rehabilitation, as well as medication management and physician follow up, will be in the realm of approximately 50,000 dollars, and that the worst cases he has seen go up to 150,000 dollars. The defendants argue that this opinion is speculative and unreliable because it is based on the assumption that surgery will take place, although there is no evidence in the record to indicate that the plaintiff plans to or has undergone surgery to repair his rotator cuff tear. In his response [#71], the plaintiff states that he will undergo surgery in June 2010, but he cites no evidence to substantiate his claim.

Under Rule 702, opinion testimony must be "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." **Goebel v. Denver and Rio Grande Western Railroad Co.**, 346 F.3d 987, 991 (10th Cir. 2003) (quoting **Gomex v. Martin Marietta Corp.**, 50 F.3d 1511, 1519 (10th Cir. 1995)). Based on the evidence in the record of this case, to the extent that evidence shows the information available to Dr. Goldman, I conclude that Dr. Goldman had an adequate factual basis to conclude that the plaintiff was likely to undergo a rotator cuff repair and that it is more than 50 percent likely that the cost of that surgery would be "in the realm of approximately 50,000 dollars" in the plaintiff's case. *Motion to exclude* [#62], Exhibit B (Goldman depo.), 57:8 - 57:22. If the facts relevant to that opinion have changed after Dr. Goldman's deposition, those new facts can be addressed at trial.

Dr. Golman's expression of the potential range of costs for such a surgery was elicited by defense counsel during Dr. Goldman's deposition. There is no indication in the record that the plaintiff intends to offer Dr. Goldman's testimony about a potential range of costs as opinion testimony under Rule 702. It is conceivable that such

testimony could be offered to demonstrate the validity or weakness of Dr. Goldman's 50,000 dollar estimate of the plaintiff's costs. In short, it remains uncertain whether such opinion testimony will be offered at trial and, if so, for what purpose. Therefore, the admissibility of such opinion testimony, if it is offered, cannot be determined until the evidentiary landscape becomes clear at trial. As to Dr. Goldman's opinion on a range of costs, I deny the defendants' motion without prejudice.

## V.  ROGER WILLARD

Roger Willard is a former police officer. The defendants object to Willard's opinion testimony to the extent he will testify (a) that police departments should not provide civil assist services; and (b) that it is a violation of a policy of the Denver Police Department for a police officer to communicate directly with a person in a residence who has possession of property that another person is seeking to obtain. The defendants argue that these opinions are not relevant to the issues in this case. I agree.

When evaluating opinion testimony under Rule 702 on the issue of relevance, I must determine if the proffered evidence speaks clearly and directly to an issue in dispute in the case. *In re Breast Implant Litigation*, 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), **cert. denied**, 115 S.Ct. 1253 (1995)). The opinions of Roger Willard, specified above, do not speak clearly and directly to an issue in dispute in this case. First, whether or not it is wise for a police department to provide civil assist services is not a fact that tends to prove or disprove any fact that is of consequence to any of the elements of the plaintiff's claims. Proof of the wisdom or folly of such a policy is not relevant to this case. Second, whether the defendant police officers' efforts to communicate with the plaintiff was a

violation of Denver Police policy also is not a fact that tends to prove or disprove any fact that is of consequence to any of the elements of the plaintiff's claims. Proof of such a violation is not relevant to this case. Because these two opinions are not relevant to the issues in this case, I grant the defendant's motion to exclude these opinions under FED. R. CIV. P. 702.

## VI.  CONCLUSION & ORDERS

Applying the standards of Fed. R. Evid. 702, as codified and construed, I conclude that Dr. Goldman's opinion testimony that the cost for a surgical repair of the plaintiff's rotator cuff injury would be in the realm of approximately 50,000 dollars is admissible. To the extent other opinion testimony may be offered via Dr. Goldman, I reserve judgment on the admissibility of such testimony under Rule 702. On the other hand, I conclude that the two opinions of Roger Willard, as specified in this order, are not admissible under Rule 702 and must be excluded from evidence in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Fed. R. Evid. 702 Motion To Exclude Testimony of Certain of Plaintiff's Proffered Experts** [#62] filed April 19, 2010, is **GRANTED** in part;

2. That the opinion testimony of Roger Willard is **EXCLUDED FROM EVIDENCE** to the extent Roger Willard may testify

    (a) that police departments should not provide civil assist services; and

    (b) that it is a violation of a policy of the Denver Police Department for a police officer to communicate directly with a person in a residence who has possession of property that another person is seeking to obtain;

3. That the **Defendants' Fed. R. Evid. 702 Motion To Exclude Testimony of**

**Certain of Plaintiff's Proffered Experts** [#62] filed April 19, 2010, is **DENIED** without prejudice to the extent the defendants challenge the opinion testimony of Lawrence Goldman, M.D. concerning the range of possible costs for the surgical repair of a rotator cuff tear; and

4.  That otherwise, the **Defendants' Fed. R. Evid. 702 Motion To Exclude Testimony of Certain of Plaintiff's Proffered Experts** [#62] filed April 19, 2010, is **DENIED**.

Dated February 23, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge